IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAMIEN MARCUS RUDEBUSH
and RONALD ARTHUR KNIPFER,

          Plaintiffs,                                  ORDER

     v.                                              14-cv-169-wmc

CAPTAIN MITCHELL LENSKI,

          Defendants.

Plaintiffs Damien Rudebush and Ronald Knipfer, residents confined at the Sand Ridge Secure Treatment Center pursuant to Wis. Stat. ch. 980, have filed a proposed civil action under 42 U.S.C. § 1983. Both plaintiffs have filed a motion for leave to proceed without prepayment of fees along with certified resident account statements for the six-month period preceding the filing of the complaint so that the court can calculate what amount of money, if any, each plaintiff will have to prepay towards the filing fee. After considering the motions and supporting documentation, the court concludes that plaintiffs qualify for indigent status for reasons set forth briefly below.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiffs who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States,* 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of a plaintiff's average monthly income and 20% of a plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. The plaintiffs will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to

waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

From plaintiff Rudebush's resident account statement, the court concludes that he has the means to pay an initial partial payment in the amount of $17.43. Plaintiff Rudebush must submit this amount on or before March 28, 2014.

From plaintiff Knipfer's resident account statement, the court concludes that he has the means to pay an initial partial payment in the amount of $63.66. Plaintiff Knipfer must submit this amount on or before March 28, 2014.

In addition, plaintiffs should be aware that when two or more plaintiffs join their claims in one lawsuit, each plaintiff who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Plaintiffs are equally responsible for the prosecution of this lawsuit. Any document that purports to state the position of both plaintiffs must be signed by all of the plaintiffs. If a plaintiff intends to file a document on his behalf only, that plaintiff must provide a copy of the document to the other plaintiff and indicate that he has served all parties in the case, or his filing will not be considered.

ORDER

IT IS ORDERED that:

1. Plaintiff Rudebush is assessed $17.43 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $17.43 on or before March 28, 2014.

2. Plaintiff Knipfer is assessed $63.66 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $63.66 on or before March 28, 2014.

3. Plaintiffs are advised that if either of them fails to comply as directed, or show cause of their failure to do so, the court will assume that plaintiff does not wish to proceed and he will be dismissed without further notice.

4. No further action will be taken in this case until the court receives plaintiffs' initial partial filing fees as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 3rd day of March, 2014.

                        BY THE COURT:

                        /s/
                        PETER OPPENEER
                        Magistrate Judge