IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN MARCUS RUDEBUSH
and RONALD ARTHUR KNIPFER,

                Plaintiffs,

v.

CAPTAIN MITCHELL LENSKI,

                Defendant.

ORDER

14-cv-169-jdp

---

      Plaintiffs Damien Rudebush and Ronald Knipfer, civil detainees confined at the Sand Ridge Secure Treatment Center, are proceeding on a First Amendment claim that defendant Mitchell Lenski wrongfully withheld two books about video game "cheat codes" that plaintiffs ordered from outside the facility.

      In their complaint, plaintiffs included state law claims for conversion and negligence. In the court's May 27, 2014 screening order, I stated the following about these claims:

> Plaintiffs also would like to bring state law conversion and negligence claims against defendant. This court may exercise supplemental jurisdiction over state law claims "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Plaintiffs' conversion and negligence claims are clearly intertwined with the existing First Amendment claims, and their allegations appear to state claims upon which relief may be granted on both of their state law theories.
>
> However, the state law claims pose another problem: plaintiffs do not show that they complied with Wisconsin's notice of claim statute, Wis. Stat. § 893.82(3) . . . .

Dkt. 11. Accordingly, I stayed a determination on the state law claims pending plaintiffs showing the court that they have complied with Wis. Stat. § 893.82(3) by filing a copy of any notice of claim that they filed with the state and any response that they received. Now

plaintiffs have submitted a copy of their notice of claim, showing that they notified the state days after the incidents at issue. Dkt. 12. Therefore, I will allow plaintiffs to proceed on their state law conversion and negligence claims. Defendant remains free to argue at later stages of the case that plaintiffs have not fully complied with the notice of claim statute.

Plaintiffs have filed several other motions, including two motions for appointment of counsel. Dkt. 14, 23. The term "appoint" is a misnomer, as I do not have the authority to appoint counsel to represent pro se plaintiffs in this type of a case; I can only recruit counsel who may be willing to serve in that capacity. In any case, I will deny plaintiffs' motions as premature. A court will seek to recruit counsel for pro se litigants only when they demonstrate that their case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds their ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). It is simply too early in this case to make that determination. If later developments in the case show that plaintiffs are unable to represent themselves, they are free to renew their motion at that time.

Plaintiffs have also filed a motion for appointment of an expert who "specializes in sex offender treatment and risk assessment along with secure mental health facilities and First Amendment issues." Dkt. 18. That motion will also be denied as premature, although I note that it is extremely rare for this court to grant this type of a request whatsoever. It is more likely that the court would recruit counsel, who would then work to secure an expert. In any case, as this lawsuit moves forward, plaintiffs should attempt to contact potential experts themselves.

Plaintiffs have filed a motion they title as a "motion in limine" to keep defendant from "using any other reasons other th[a]n the two he used in denying the Plaintiffs their

Publications." Dkt. 19. However, in cases such as plaintiffs' where the court must determine whether a restriction is "reasonably related to legitimate penological interests," *Turner v. Safley*, 482 U.S. 78, 89 (1987), the relevant inquiry is objective, meaning that a restriction may be valid even if the underlying subjective reasoning given at the time is not. *Hammer v. Ashcroft*, 570 F.3d 798, 803 (7th Cir. 2009) ("It is not clear why one bad motive would spoil a rule that is adequately supported by good reasons."). Under *Hammer*, defendant is free to raise reasons other than those he provided at the time.

In their "motion in limine" plaintiffs also ask for defendant not to release medical, psychological, disciplinary, or juvenile records "to the public," but they do not provide a detailed explanation of what these records are, so I cannot grant the request. Plaintiffs should be warned that the court record is generally open to the public, and because they have chosen to bring this lawsuit, it is possible that relevant information about them will be introduced into the public record. In any case, plaintiffs are encouraged to raise the issue again when more specific information is at issue.

Finally, plaintiffs have filed a motion for reconsideration of the court's screening determinations denying them leave to proceed on due process and equal protection claims. In particular, I stated the following regarding these claims:

> Plaintiffs do not provide any explanation of how the Equal Protection Clause could apply to their claims and I can think of none, so I will deny them leave to proceed on a claim under this theory.
>
> Plaintiffs say that defendant's withholding of the books and subsequent refusal to hold a hearing were contrary to policy and violated their right to due process. However, where, as here, a plaintiff alleges that the defendant's deprivation of property was "random and unauthorized" by existing policy, the deprivation cannot violate the owner's right to due process if state law provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 128-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Wisconsin law provides tort remedies to individuals whose property has been converted or

3

damaged by another. *See* Wis. Stat. §§ 893.35 (action to recover personal property) and 893.51 (action for wrongful taking of personal property). Therefore, plaintiffs cannot bring a due process claim in this action.

Dkt. 11 at 5. In their motion for reconsideration, plaintiffs argue that "in *Monroe v. Pape*[1] the United States Supreme Court said that it was irrelevant that the officers' particular actions may not have been authorized or sanctioned by the city of Chicago in some formal sense." However, in *Monroe*, the court was concerned with defining when a government official's actions were performed "under color of" state law. In the present case, the question is not whether defendant acted under color of state law; he almost certainly did. *Monroe* is simply not relevant to the question whether plaintiffs have valid due process or equal protection claims.

Plaintiffs also argue that the facility policy cited by defendant in his answer (stating, "Patients must not communicate using unrecognized languages, alphabets, symbols or codes.") is unlawfully vague and overbroad. Plaintiffs state that this violates their *procedural* due process and equal protection rights, but they do not explain how their rights to any particular procedures or to equal protection were actually violated. Rather, they appear to be bringing a *substantive* due process argument. In any case, precedent instructs that their claims should be viewed under a First Amendment framework. *See, e.g., Albright v. Oliver*, 510 U.S. 266, 273, (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotation marks omitted); *Koutnik v. Brown*, 456 F.3d 777, 781 n.2 (7th Cir. 2006) (pursuant to *Albright*, substantive due process claim for seizure of prisoner's

---

[1] 365 U.S. 167 (1961).

outgoing mail appropriately analyzed under First Amendment). Plaintiffs are already proceeding on a First Amendment claim, so there is no reason to allow plaintiffs to proceed on due process or equal protection claims or otherwise reconsider my previous ruling on those claims.

## ORDER

IT IS ORDERED that:

1. Plaintiffs Damien Rudebush and Ronald Knipfer are GRANTED leave to proceed on First Amendment and state law conversion and negligence claims against defendant Mitchell Lenski.

2. Plaintiffs' motions for the court's assistance in recruiting counsel, Dkt. 14 and 23, are DENIED without prejudice.

3. Plaintiffs' motion for a court-appointed expert, Dkt. 18, is DENIED without prejudice.

4. Plaintiffs' "motion in limine," Dkt. 19, is DENIED.

5. Plaintiffs' motion for reconsideration of the court's screening order regarding their proposed due process and equal protection claims, Dkt. 22, is DENIED.

Entered this 10th day of November, 2014.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge