IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN MARCUS RUDEBUSH
and RONALD ARTHUR KNIPFER,

        Plaintiffs,

    v.

CAPTAIN MITCHELL LENSKI,

        Defendant.

ORDER

14-cv-169-jdp

---

Plaintiffs Damien Rudebush and Ronald Knipfer, civil detainees confined at the Sand Ridge Secure Treatment Center, are proceeding on First Amendment and state law conversion and negligence claims against defendant Mitchell Lenski for wrongfully withholding two books about video game "cheat codes" that plaintiffs ordered from outside the facility. In a November 10, 2014 order, I partially granted plaintiffs' motion for reconsideration of the May 27, 2014 screening order by allowing them to proceed on their state law claims. Dkt. 26. I denied the motion for reconsideration to the extent that plaintiffs sought to proceed on proposed due process and equal protection claims. *Id*.

Now plaintiffs have filed a new motion for reconsideration regarding their due process claim. Dkt. 32. Although this motion is not particularly timely, I conclude that it has merit and will consider it because the schedule should not be greatly affected by adding a further claim to the case.

Plaintiffs alleged in their complaint that defendant Lenski withheld the books in question even though they believe that facility policy permitted them to own the books, and that Lenski did not give plaintiffs a hearing about the withholding even though he could have

done so. In the May 27, 2014 screening order, I stated that plaintiffs could not bring a due process claim because defendant's deprivation of property was "random and unauthorized" by existing policy and that an adequate post-deprivation remedy was available to them. Dkt. 11, at 5 (citing *Zinermon v. Burch*, 494 U.S. 113, 128-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Plaintiffs argue that they should be able to bring a due process claim because a pre-deprivation hearing was possible under facility policy, but defendant refused to give them one. A recent decision by the Court of Appeals for the Seventh Circuit supports plaintiffs' argument:

> *[Zinermon* and *Hudson]* have made clear that [the principle limiting due process claims for 'random and unauthorized' deprivations] is limited to a narrow category of due process cases where the plaintiff claims he was denied a meaningful pre-deprivation hearing, but under circumstances where the very notion of a pre-deprivation hearing would be impractical and even nonsensical, and where the deprivation was not carried out through established state procedures.

*Armstrong v. Daily*, 786 F.3d 529, 539 (7th Cir. 2015). Because plaintiffs have stated a colorable due process claim against defendant, I will grant their motion for reconsideration and include this claim in the case. Defendant remains free to argue at summary judgment or trial that plaintiffs cannot sustain a due process claim given facility policies, defendant's actions, and available post-deprivation remedies. As the introduction of this new claim comes only weeks before the dispositive motions deadline, I will strike that deadline and set a new dispositive motions deadline of September 11, 2015.

ORDER

IT IS ORDERED that:

1. Plaintiffs Damien Rudebush and Ronald Knipfer's second motion for reconsideration of the May 27, 2014 screening order, Dkt. 32, is GRANTED; plaintiffs are GRANTED leave to proceed on a due process claim against defendant Mitchell Lenski.

2. The schedule is amended as stated above.

Entered July 16, 2015.

                                BY THE COURT:

                                /s/

                                JAMES D. PETERSON
                                District Judge